# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: |
| Plaintiff, | |
| v. | JUDGE: **08 0389** |
| COOKSON GROUP PLC, COOKSON AMERICA INC., FOSECO PLC, and FOSECO METALLURGICAL INC., | DECK TYPE: Antitrust |
| Defendants. | DATE STAMP: |

**FILED**

MAR **2 0** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FINAL JUDGMENT

WHEREAS, Plaintiff, United States of America, filed its Complaint on 3/4/2008, the United States and defendants, Cookson Group plc and Cookson America Inc. and Foseco plc and Foseco Metallurgical Inc., by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of certain rights or assets by the defendants to assure that competition is not substantially lessened;

AND WHEREAS, the United States requires defendants to make a certain divestiture for the purpose of remedying the loss of competition alleged in the Complaint;

AND WHEREAS, defendants have represented to the United States that the divestiture required below can and will be made and that defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED AND DECREED:

## I. <u>Jurisdiction</u>

This Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against defendants under Section 7 of the Clayton Act, as amended (15 U.S.C. § 18).

## II. <u>Definitions</u>

As used in this Final Judgment:

A.     "Cookson" means defendant Cookson Group plc, a United Kingdom corporation with its headquarters in London, England, and Cookson America Inc., a Delaware Corporation with its headquarters in Providence, Rhode Island and includes its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B.     "Foseco" means defendant Foseco plc, a United Kingdom corporation with its headquarters in Tamworth, Staffordshire, England, and Foseco Metallurgical Inc., a Delaware corporation with its headquarters in Cleveland, Ohio and includes its successors and assigns, and

its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

C.     "CBCs" means consumable, isostatically pressed refractory products made of carbon-bonded alumina graphite that control the flow of molten steel from the steel ladle to the continuous casting mold during the continuous casting of steel.

D.     "Divestiture Business" means Foseco's entire business engaged in the development, design, production, servicing, distribution, and sale of CBCs in the United States, including:

1.     Foseco's Saybrook, Ohio facility, and the related leasehold;

2.     all tangible assets used in the development, design, production, servicing, distribution, and sale of CBCs in the United States, including but not limited to all research data and activities and development activities; all manufacturing equipment, including but not limited to batch mix equipment, presses, drying and oven/kilning, finishing, packaging, and tooling; all fixed assets, real property (leased or owned), personal property, inventory, office furniture, materials, supplies, on- or off-site warehouses or storage facilities relating to the factory and property, and all other tangible property; all licenses, permits and authorizations issued by any governmental organization; all contracts, teaming arrangements, agreements, leases (including renewal rights), commitments, certifications, and understandings, including supply agreements; all customer lists, contracts, accounts, and credit records or similar records of all sales and potential sales; all sales support and promotional materials, advertising materials, and production,

3

for a limited period with respect to certain support services (e.g., HR, IT, and/or health and safety).

E.    "Bonnybridge Business" means Foseco's European CBC business and its facilities in Bonnybridge, Stirlingshire, Scotland, which the European Commission has required to be divested along with the Divestiture Business.

F.    "Acquirer" means the entity to which defendants divest the Divestiture Business.

## III. **Applicability**

A.    This Final Judgment applies to Cookson and Foseco, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

B.    If, prior to complying with Section IV and V of this Final Judgment, defendants sell or otherwise dispose of all or substantially all of their assets or of lesser business units that include the Divestiture Business, they shall require the purchaser to be bound by the provisions of this Final Judgment. Defendants need not obtain such an agreement from the Acquirer of the assets divested pursuant to this Final Judgment.

## IV. **Divestiture**

A.    Defendants are ordered and directed, within ninety (90) calendar days after the filing of the Complaint in this matter, or five (5) calendar days after notice of the entry of this Final Judgment by the Court, whichever is later, to divest the Divestiture Business in a manner consistent with this Final Judgment to an Acquirer acceptable to the United States, in its sole discretion after consultation with the European Commission. The United States, in its sole discretion, may agree to one or more extensions of this time period not to exceed 60 calendar

5

days in total, and shall notify the Court in such circumstances. Defendants agree to use their best efforts to divest the Divestiture Business as expeditiously as possible.

B.      In accomplishing the divestiture ordered by this Final Judgment, defendants promptly shall make known, by usual and customary means, the availability of the Divestiture Business. Defendants shall inform any person making inquiry regarding a possible purchase of the Divestiture Business that it is being divested pursuant to this Final Judgment and provide that person with a copy of this Final Judgment. Defendants shall offer to furnish to all prospective Acquirers, subject to customary confidentiality assurances, all information and documents relating to the Divestiture Business customarily provided in a due diligence process except such information or documents subject to the attorney-client privileges or work-product doctrine. Defendants shall make available such information to the United States at the same time that such information is made available to any other person.

C.      Defendants shall provide the Acquirer and the United States information relating to the personnel involved in the production, operation, research and development, design, and sale of CBCs to enable the Acquirer to make offers of employment. Defendants shall not interfere with any negotiations by the Acquirer to employ or contract with any defendant employee responsible for any such activity related to the Divestiture Business.

D.      Defendants shall permit prospective Acquirers of the Divestiture Business to have reasonable access to personnel responsible for the Divestiture Business; to make inspections of the physical facilities of the Divestiture Business; to have access to any and all environmental, zoning, and other permit documents and information; and to have access to any and all financial,

6

operational, or other documents and information customarily provided as part of a due diligence process.

E.    Defendants shall warrant to the Acquirer that the Divestiture Business will be operational on the date of sale.

F.    Defendants shall not take any action that will impede in any way the permitting, operation, or divestiture of the Divestiture Business.

G.    Defendants shall warrant to the Acquirer that there are no material defects in the environmental, zoning or other permits pertaining to the operation of the Divestiture Business, and that following the sale of the Divestiture Business, defendants will not undertake, directly or indirectly, any challenges to the environmental, zoning, or other permits relating to the operation of the Divestiture Business.

H.    Unless the United States otherwise consents in writing, the divestiture pursuant to Section IV, or by trustee appointed pursuant to Section V, of this Final Judgment, shall include the entire Divestiture Business, and shall be accomplished in such a way as to satisfy the United States, in its sole discretion, that the Divestiture Business can and will be used by the Acquirer as part of a viable, ongoing business for the manufacture and sale of CBCs in the United States. The divestiture, whether pursuant to Section IV or Section V of this Final Judgment,

       1.    shall be made to the acquirer of the Bonnybridge Business;

       2.    shall be made to an Acquirer that, in the United States's sole judgment, has the intent and capability (including the necessary managerial, operational, technical and financial capability) of competing effectively in the manufacture and sale of CBCs in the United States; and

7

3.    shall be accomplished so as to satisfy the United States, in its sole discretion, that none of the terms of any agreement between an Acquirer and defendants give defendants the ability unreasonably to raise the Acquirer's costs, to lower the Acquirer's efficiency, or otherwise to interfere in the ability of the Acquirer to compete effectively in the manufacture and sale of CBCs in the United States.

## V. Appointment of Trustee

A.    If defendants have not divested the Divestiture Business within the time period specified in Section IV(A), defendants shall notify the United States of that fact in writing. Upon application of the United States, the Court shall appoint a trustee selected by the United States, in consultation with the European Commission to ensure selection of a trustee acceptable to both the United States and the European Commission, and approved by the Court to effect the divestiture of the Divestiture Business.

B.    After the appointment of a trustee becomes effective, only the trustee shall have the right to sell the Divestiture Business. The trustee shall have the power and authority to accomplish the divestiture to an Acquirer acceptable to the United States at such price and on such terms as are then obtainable upon reasonable effort by the trustee, subject to the provisions of Sections IV, V, and VI of this Final Judgment, and shall have such other powers as this Court deems appropriate. Subject to Section V(D) of this Final Judgment, the trustee may hire at the cost and expense of defendants

8

any investment bankers, attorneys, or other agents, who shall be solely accountable to the trustee, reasonably necessary in the trustee's judgment to assist in the divestiture.

C.    Defendants shall not object to a sale by the trustee on any ground other than the trustee's malfeasance or that the Acquirer has not been approved by the European Commission.  Any objection by defendants on the ground of trustee malfeasance must be conveyed in writing to the United States and the trustee within ten (10) calendar days after the trustee has provided the notice required under Section VI; any objection by defendants based on lack of approval from the European Commission must be conveyed in writing to the United States and the trustee within the later of (i) five (5) days after the United States provides defendants with written notice, pursuant to Section VI(C), stating that it does not object to the proposed divestiture of the Divestiture Business or (ii) two (2) business days after the European Commission notifies defendants that it does not approve of the proposed Acquirer.

D.    The trustee shall serve at the cost and expense of defendants, on such terms and conditions as the United States approves, and shall account for all monies derived from the sale of the assets sold by the trustee and all costs and expenses so incurred.  After approval by the Court of the trustee's accounting, including fees for its services and those of any professionals and agents retained by the trustee, all remaining money shall be paid to defendants and the trust shall then be terminated.  The compensation of the trustee and any professionals and agents retained by the trustee shall be reasonable in light of the value of the Divestiture Business and based on a fee

9

arrangement providing the trustee with an incentive based on the price and terms of the divestiture and the speed with which it is accomplished, but timeliness is paramount.

E.      Defendants shall use their best efforts to assist the trustee in accomplishing the required divestiture. The trustee and any consultants, accountants, attorneys, and other persons retained by the trustee shall have full and complete access to the personnel, books, records, and facilities of the business to be divested, and defendants shall develop financial and other information relevant to such business as the trustee may reasonably request, subject to reasonable protection for trade secret or other confidential research, development, or commercial information. Defendants shall take no action to interfere with or to impede the trustee's accomplishment of the divestiture.

F.      After its appointment, the trustee shall file monthly reports with the United States and the Court setting forth the trustee's efforts to accomplish the divestiture ordered under this Final Judgment. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Business, and shall describe in detail each contact with any such person. The trustee shall maintain full records of all efforts made to divest the Divestiture Business.

10

G.    If the trustee has not accomplished the divestiture ordered under this Final Judgment within six months after its appointment, the trustee shall promptly file with the Court a report setting forth (1) the trustee's efforts to accomplish the required divestiture, (2) the reasons, in the trustee's judgment, why the required divestiture has not been accomplished, and (3) the trustee's recommendations. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. The trustee shall at the same time furnish such report to the United States which shall have the right to make additional recommendations consistent with the purpose of the trust. The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include extending the trust and the term of the trustee's appointment by a period requested by the United States.

## VI. Notice of Proposed Divestiture

A.    Within two (2) business days following execution of a definitive divestiture agreement, defendants or the trustee, whichever is then responsible for effecting the divestiture required herein, shall notify the United States of any proposed divestiture required by Section IV or V of this Final Judgment. If the trustee is responsible, it shall similarly notify defendants. The notice shall set forth the details of the proposed divestiture and list the name, address, and telephone number of each person not previously identified who offered or expressed an interest in or desire to acquire any ownership interest in the Divestiture Business, together with full details of the same.

11

B.      Within fifteen (15) calendar days of receipt by the United States of such notice, the United States may request from defendants, the proposed Acquirer(s), any other third party, or the trustee, if applicable, additional information concerning the proposed divestiture, the proposed Acquirer(s), and any other potential Acquirer. Defendants and the trustee shall furnish any additional information requested within fifteen (15) calendar days of the receipt of the request, unless the parties shall otherwise agree.

C.      Within thirty (30) calendar days after receipt of the notice or within twenty (20) calendar days after the United States has been provided the additional information requested from defendants, the proposed Acquirer(s), any third party, and the trustee, whichever is later, the United States shall provide written notice to defendants and the trustee, if there is one, stating whether or not it objects to the proposed divestiture. If the United States provides written notice that it does not object, the divestiture may be consummated, subject only to defendants' limited right to object to the sale under Section V(C) of this Final Judgment. Absent written notice that the United States does not object to the proposed Acquirer or upon objection by the United States, a divestiture proposed under Section IV or Section V shall not be consummated. Upon objection by defendants under Section V(C), a divestiture proposed under Section V shall not be consummated unless approved by the Court.

## VII. **Financing**

Defendants shall not finance all or any part of any purchase made pursuant to Section IV or V of this Final Judgment.

12

## VIII. Hold Separate

Until the divestiture required by this Final Judgment has been accomplished, defendants shall take all steps necessary to comply with the Hold Separate Stipulation and Order entered by this Court. Defendants shall take no action that would jeopardize the divestiture ordered by this Court.

## IX. Affidavits

A.      Within twenty (20) calendar days of the filing of the Complaint in this matter, and every thirty (30) calendar days thereafter until the divestiture has been completed under Section IV or V, defendants shall deliver to the United States an affidavit as to the fact and manner of its compliance with Section IV or V of this Final Judgment. Each such affidavit shall include the name, address, and telephone number of each person who, during the preceding thirty (30) calendar days, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Business, and shall describe in detail each contact with any such person during that period. Each such affidavit shall also include a description of the efforts defendants have taken to solicit buyers for the Divestiture Business, and to provide required information to prospective Acquirers, including the limitations, if any, on such information. Assuming the information set forth in the affidavit is true and complete, any objection by the United States to information provided by defendants, including limitations on information, shall be made within fourteen (14) calendar days of receipt of such affidavit.

13

B.    Within twenty (20) calendar days of the filing of the Complaint in this matter, defendants shall deliver to the United States an affidavit that describes in reasonable detail all actions defendants have taken and all steps defendants have implemented on an ongoing basis to comply with Section VIII of this Final Judgment. Defendants shall deliver to the United States an affidavit describing any changes to the efforts and actions outlined in defendants' earlier affidavits filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

C.    Defendants shall keep all records of all efforts made to preserve and divest the Divestiture Business until one year after such divestiture has been completed.

## X. Compliance Inspection

A.    For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to defendants, be permitted:

1.    access during defendants' office hours to inspect and copy, or at the option of the United States, to require defendants to provide hard copy or electronic copies of, all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of defendants, relating to any matters contained in this Final Judgment; and

14

2.     to interview, either informally or on the record, defendants'
officers, employees, or agents, who may have their individual counsel
present, regarding such matters. The interviews shall be subject to the
reasonable convenience of the interviewee and without restraint or
interference by defendants.

B.     Upon the written request of an authorized representative of the Assistant
Attorney General in charge of the Antitrust Division, defendants shall submit written
reports or responses to written interrogatories, under oath if requested, relating to any of
the matters contained in this Final Judgment as may be requested.

C.     No information or documents obtained by the means provided in this
section shall be divulged by the United States to any person other than an authorized
representative of the executive branch of the United States, except in the course of legal
proceedings to which the United States is a party (including grand jury proceedings), or
for the purpose of securing compliance with this Final Judgment, or as otherwise
required by law.

D.     If at the time information or documents are furnished by defendants to
the United States, defendants represent and identify in writing the material in any such
information or documents to which a claim of protection may be asserted under Rule
26(c)(7) of the Federal Rules of Civil Procedure, and defendants mark each pertinent
page of such material, "Subject to claim of protection under Rule 26(c)(7) of the
Federal Rules of Civil Procedure," then the United States shall give defendants ten (10)
calendar days notice prior to divulging such material in any legal proceeding (other than

15

a grand jury proceeding).

### XI. No Reacquisition

Defendants may not reacquire any part of the Divestiture Business during the term of this Final Judgment.

### XII. Retention of Jurisdiction

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

### XIII. Expiration of Final Judgment

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry.

### XIV. Public Interest Determination

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States's responses to comments. Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

16

Date: _____ 3/20/08

Court approval subject to procedures
of Antitrust Procedures and Penalties
Act, 15 U.S.C. § 16

_____
United States District Judge

17